# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3500

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Steven Wayne Pruett, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 8, 2008
Filed: April 17, 2008

_____

Before MELLOY, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

This case is before us on remand from the United States Supreme Court. See Pruett v. United States, 128 S. Ct. 1473 (2008), vacating and remanding 501 F.3d 976 (8th Cir. 2007). We are instructed to further consider this case in light of Watson v. United States, which ruled that "a person does not 'use' a firearm under [18 U.S.C.] § 924(c)(1)(A) when he receives it in trade for drugs." 128 S. Ct. 579, 586 (2007). Based on Watson, we reverse Steven Wayne Pruett's 18 U.S.C. § 924(c)(1)(A) conviction for using a firearm in furtherance of a drug trafficking crime (Count 8 of the superseding indictment).

A jury convicted Pruett on six criminal counts relating to the possession and distribution of methamphetamine.[1] Pruett appealed, arguing, inter alia, that the District Court erred by submitting to the jury the charge of use of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). We affirmed the judgment of the District Court.

Count 8 of the superseding indictment was predicated on Pruett's receipt of a firearm in exchange for methamphetamine. On appeal, Pruett argued that the term "uses" in § 924(c)(1)(A) requires something more than mere receipt of a firearm. We determined that Pruett's argument was precluded by United States v. Cannon, which held that "a person can 'use' a firearm in violation of § 924(c) by 'receiving' the firearm in a drugs for weapon exchange." 88 F.3d 1495, 1509 (8th Cir. 1996). After our opinion affirming Pruett's conviction was issued, the Supreme Court decided Watson. In Watson, the Court addressed the question of "whether a person who trades his drugs for a gun 'uses' a firearm 'during and in relation to . . . [a] drug trafficking crime' within the meaning of 18 U.S.C. § 924(c)(1)(A)." 128 S. Ct. at 581. The Court concluded that "he does not" and reversed the conviction of a defendant charged with receiving a pistol in exchange for drugs. Id. In light of Watson, Cannon is no longer good law on this point, and Pruett's conviction based on his exchange of drugs for a gun cannot stand.

We reverse the judgment of conviction on Count 8. Because Watson does not affect our earlier decision affirming the District Court's judgment with respect to the other five counts on which Pruett was convicted, we reinstate our earlier opinion, with this opinion serving only to modify our earlier opinion's discussion of Count 8

---

[1]The facts of this case are set forth in United States v. Pruett, 501 F.3d 976 (8th Cir. 2007), judgment vacated by 128 S. Ct. 1473 (2008).

(primarily found in Section VI of our earlier opinion).  The case is remanded to the District Court for further proceedings consistent with this opinion.

_____